**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00236-CR**
**NO. 09-22-00237-CR**

_____

**ALBERT CHARLES NUGENT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 25,365 (count 1 and count 2)**

## MEMORANDUM OPINION

In an open plea, Appellant Albert Charles Nugent pled guilty to two counts of the second-degree felony offense of indecency with a child by sexual contact. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d). The trial court assessed punishment of ten years of confinement on each count to run concurrently. *See id.* § 12.33 (providing punishment range for second-degree felonies).

Nugent's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After Nugent's counsel filed his brief, we granted an extension of time for Nugent to file a *pro se* response. Nugent has not filed a response.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[1]

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 22, 2023
Opinion Delivered March 8, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[1]Nugent may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.